IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01305-CMA-MEH

JOSEPH G. GRIGAT, and
BRIGITTE A. GRIGAT,

    Plaintiffs,

v.

MORTGAGE LENDERS NETWORK, USA,
BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION, and
JP MORGAN CHASE BANK,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge**.

Defendant, Bank of New York Mellon Trust Company ("BNY"), seeks to dismiss Plaintiffs Joseph Grigat and Brigitte Grigat's Complaint in its entirety. According to BNY, this Court lacks jurisdiction pursuant to the *Rooker-Feldman* doctrine. Because Plaintiffs seek to completely undo their final state court foreclosure proceeding, the Court agrees with BNY that *Rooker-Feldman* bars this Court from granting the relief Plaintiffs seek. Accordingly, the Court respectfully recommends dismissing this case in its entirety.

## BACKGROUND

**I.    Facts**

The following are factual allegations made by Plaintiffs in their Complaint and submitted by BNY in support of its motion. "Because [BNY's] *Rooker-Feldman* argument presents a factual challenge to this [C]ourt's subject matter jurisdiction, the [C]ourt . . . has wide discretion to allow

affidavits and other documents to resolve any jurisdictional facts." *Garcia v. Aronowitz & Macklenburg, LLP*, No. 13-cv-00241-RBJ-MJW, 2013 WL 3895044, at *3 (D. Colo. July 26, 2013); *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995) (stating that when a defendant does not attack the complaint's allegations as to subject matter jurisdiction, a court may refer to evidence outside the pleadings).

On April 26, 1999, Plaintiffs executed a promissory note for the benefit of Defendant Mortgage Lenders Network USA, Inc. ("Mortgage Lenders"). Compl. ¶ 24, ECF No. 1; ECF No. 1-1. The next day, Mortgage Lenders assigned the deed of trust to Bank One National Association ("Bank One"). ECF No. 20-3. In October 2008 Plaintiffs asked their lender to identify the lawful owner of their mortgage and whether they would receive clear and marketable title to their home once they paid their loan in its entirety. Compl. ¶ 18. After receiving what they considered to be an inadequate response, Plaintiffs withheld their mortgage payments. *Id.* ¶¶ 19–20. On February 26, 2015, Bank One assigned the deed of trust to BNY, as successor to JPMorgan Chase Bank. ECF No. 20-4.

Because Plaintiffs stopped paying their mortgage, BNY initiated foreclosure proceedings on May 27, 2015. Compl. ¶ 20; ECF No. 20-5 (notice of election and demand for sale by public trustee). After Plaintiffs failed to respond to BNY's motion for order authorizing sale, the court permitted the sale to go forward pursuant to Colorado Rule of Civil Procedure 120. ECF No. 20-10 (order authorizing sale). BNY subsequently purchased the property at the foreclosure sale, ECF No. 20-12, and the court issued an order approving sale on August 15, 2016. ECF No. 20-14. On May 16, 2017, BNY posted a demand for possession and notice to vacate. ECF No. 20-15.

## II. Procedural History

Proceeding pro se, Plaintiffs initiated this case on May 30, 2017. Compl., ECF No. 1. Plaintiffs contend the mortgage on their property is unenforceable, because, among other reasons, transferring the deed of trust caused a modification of the mortgage without their consent. Compl. 25. Plaintiffs also argue that BNY lacked standing to foreclose on the invalid mortgage. *Id.* Accordingly, Plaintiffs assert claims for "cancellation and expungement" of the mortgage instrument and a declaration that the "recordation of mortgage was voidable." *Id.* at 20–25.

BNY responded to Plaintiffs' Complaint by filing the present Motion to Dismiss. ECF No. 20. BNY contends the Court lacks subject matter jurisdiction over Plaintiffs' claims pursuant to the *Rooker-Feldman* doctrine. *Id.* at 8. According to BNY, because Plaintiffs' claims challenge the final foreclosure order in a Colorado state court case, granting "the relief sought in Plaintiffs' Complaint would turn this Court into a *de facto* appellate court." *Id.* at 10. Additionally, BNY argues that even if this Court finds it has subject matter jurisdiction, Plaintiffs fail to state a claim. *Id.* at 11–30. Plaintiffs filed a response brief on August 23, 2017. Resp. to Mot. to Dismiss, ECF No. 38. Regarding BNY's jurisdictional argument, Plaintiffs argue Rule 120 proceedings do not result in final judgments that "trigger application of the *Rooker-Feldman* doctrine." *Id.* at 12. BNY filed its reply brief on September 6, 2017. ECF No. 44.

## LEGAL STANDARDS

### I. Dismissal under Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the

matter. *See Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Id.* (citing *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013)). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere [conclusory] allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Pueblo of Jemez*, 790 F.3d at 1151. Accordingly, Plaintiffs in this case bear the burden of establishing that this Court has jurisdiction to hear their claims.

## II. Dismissal of a Pro Se Plaintiff's Complaint

A federal court must construe a pro se plaintiff's pleadings "liberally" and hold the pleadings "to a less stringent standard than formal pleadings filed by lawyers." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). "[The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Id.* (citing *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)). The Tenth Circuit has interpreted this rule to mean:

> [I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply

4

additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded.").

## **ANALYSIS**

The Court recommends holding that it does not have subject matter jurisdiction over this case. Pursuant to the *Rooker-Feldman* doctrine, federal district courts lack subject-matter jurisdiction to review final state court judgments. *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983); *Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006) ("The *Rooker-Feldman* doctrine . . . provides that only the Supreme Court has jurisdiction to hear appeals from final state court judgments."). Thus, when "the losing party in state court file[s] suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment," the federal district court lacks subject matter jurisdiction over the case. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). "The *Rooker-Feldman* doctrine is not limited to the preclusion of claims actually litigated and decided on the merits by the state court, it also precludes claims which are inextricably intertwined with the state court judgment." *Garcia v. Aronowitz & Mecklenburg, LLP*, No. 13-cv-00241-RBJ-MJW, 2013 WL 3895044, at *3 (D. Colo. July 26, 2013); *Tal v. Hogan*, 453 F.3d 1244, 1256 (10th Cir. 2006). "A claim is inextricably intertwined if 'the state-court judgment *caused*, actually and proximately, the *injury* for which the federal-court plaintiff seeks *redress*.'" *Tal*, 453 F.3d at 1256 (quoting *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 473 (10th Cir. 2002)).

In the foreclosure context, the Tenth Circuit has held that proceedings are final for purposes of *Rooker-Feldman* when granting the requested relief would completely undo the foreclosure and eviction proceedings. *Dillard v. Bank of N.Y.*, 476 F. App'x 690, 692 n.3 (10th Cir. 2012). In other

5

words, if a state court has approved the sale of a property and a plaintiff subsequently files suit in federal court asserting claims that are inextricably intertwined with the foreclosure proceeding, federal courts lack jurisdiction over the claims. *Sladek v. Bank of Am., N.A.*, No. 13-cv-03094-PAB-MEH, 2014 WL 8105182, at *6 (D. Colo. July 10, 2014) ("[T]he *Rooker–Feldman* doctrine prohibits foreclosed borrowers from litigating their grievances regarding the foreclosure sale in federal court after the sale becomes final." (citing *Dillard*, 476 F. App'x at 691–92)); *Kraft v. JP Morgan Chase Bank, Nat'l Ass'n*, No. 10-cv-00815-REB-BNB, 2010 WL 4869099, at *4 (D. Colo. Nov. 23, 2010) ("[C]ourts in this district have held that the *Rooker–Feldman* doctrine bars claims for rescission of a mortgage loan under TILA, even if such claim was not before the state court, so long as the state court already has finally approved the Public Trustee's sale."). However, if the state court has only authorized the sale, the proceedings are not final, and federal district courts may exercise jurisdiction. *Miller v. Deutsche Bank Nat'l Trust Co.*, 666 F.3d 1255, 1261–62 (10th Cir. 2012) (holding that the *Rooker-Feldman* doctrine does not prohibit a federal district court from considering challenges asserted after a state court order authorizing sale, but before the sale of the property).

Here, Plaintiffs' claims are inextricably intertwined with the foreclosure proceedings, and the foreclosure was final at the time Plaintiffs initiated this case. First, each of Plaintiffs' causes of action are inextricably intertwined with the foreclosure, because they "are premised on the legality of the state foreclosure proceedings." *Garcia*, 2013 WL 3895044, at *5. Plaintiffs bring claims for cancellation of their mortgage and declaratory relief that the mortgage was unenforceable. Compl. 20–23. Plaintiffs seek this determination to demonstrate that BNY had no right to foreclosure on Plaintiffs' property. *Id.* at 25 (asserting that BNY lacked standing to foreclose on the property).

6

Because these claims "stem from [Plaintiffs'] contention that [BNY] ha[s] no legal right to the property, . . . all of [Plaintiffs'] claims are inextricably intertwined with the state court order finding that [they] [were] in default on [their] mortgage and authorizing the foreclosure." *Hahn v. GMAC Mortgage, LLC*, No. 11-cv-02978-BNB, 2011 WL 6258531, at *2 (D. Colo. Dec. 15, 2011) (holding that a claim seeking to void a mortgage on the basis that the defendant was "not a holder in due course of the deed of trust to the property" was inextricably intertwined with the foreclosure judgment); *see also Garcia*, 2013 WL 3895044, at *5 (holding that the plaintiff's lack of standing to foreclose argument was inextricably intertwined with the foreclosure proceedings).

Second, because the state court approved the sale of Plaintiffs' property before Plaintiffs filed this case, the foreclosure proceeding is final for purposes of the *Rooker-Feldman* doctrine. *See Sladek*, 2014 WL 8105182, at *6 (stating that a judgment is final when the state court issues an order approving sale); *see also McDonald v. Nationwide Title Clearing, Inc.*, No. 15-cv-00027-MSK-MEH, 2015 WL 5895546, at *7 (D. Colo. Sept. 10, 2015) ("[I]f the actual purpose of Plaintiff's suit is to collaterally attack the completed foreclosure sale of his property, this Court lacks jurisdiction to hear the Plaintiff's claim under the *Rooker–Feldman* doctrine."). The state court issued its order approving sale on August 15, 2016, ECF No. 20-14, and Plaintiffs filed this case on May 30, 2017. Compl.

Plaintiffs' argument to the contrary does not persuade the Court. Plaintiffs contend the state court proceeding is not final, because an order on a Rule 120 motion is not an appealable judgment. Resp. to Mot. to Dismiss 12, ECF No. 38. To be sure, the Tenth Circuit has held that an order authorizing sale pursuant to Rule 120 is not final for purposes of the *Rooker-Feldman* doctrine. *Miller*, 666 F.3d at 1261–62. However, when the state court has gone beyond authorizing the sale

7

and has finally approved it, the judgment is final for *Rooker-Feldman* purposes. *Garcia*, 2013 WL 3895044, at *4 ("The Tenth Circuit Court of Appeals has recognized that a state foreclosure action is final and subject to application of the *Rooker–Feldman* doctrine where the state court had entered an order approving the sale of the property to the bank."); *McDonald v. OneWest Bank, F.S.B.*, 680 F.3d 1264, 1266 (10th Cir. 2012) ("[W]e recently decided that *Rooker–Feldma*n did not apply to determinations in Colorado Rule 120 proceedings, at least insofar as preventing a foreclosure sale *where proceedings are pending*." (emphasis added)). Indeed, when the state court has already approved the sale, a subsequent successful challenge to the foreclosure proceeding would not prevent the sale of the home; it would "completely undo the foreclosure and eviction proceedings." *Dillard*, 476 F. App'x at 692 n.3.

## **CONCLUSION**

In sum, because Plaintiffs seek to completely undo the state court foreclosure proceeding, the Court lacks jurisdiction over this case pursuant to the *Rooker-Feldman* doctrine. Although Defendants Mortgage Lenders Bank Network USA and JP Morgan Chase Bank have not entered appearances in this case, the Court recommends dismissing this case in its entirety for lack of jurisdiction. Accordingly, the Court recommends that Defendant Bank of New York Mellon Trust Company, N.A.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) [filed July 12, 2017; ECF No. 20] be **granted**.[1]

---

[1] Be advised that all parties shall have fourteen days after service to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States*

Entered and dated at Denver, Colorado, this 26th day of September, 2017.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

*v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).